**NOTE CHANGES MADE BY THE COURT**

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

P&P Imports LLC,

     Plaintiff,

      v.

Joyin Inc., Joyin US Corp., and
DOES 1-5,

     Defendants.

)
)
)
)
)
)
)
)
)

**Case No.:** 8:22-cv-01807-MCS-AFM
Hon. Mark C. Scarsi, United States
District Judge

**ORDER ON STIPULATION FOR
PERMANENT INJUNCTION AND
SETTLEMENT OF CLAIMS (ECF
NO. 41)**

Plaintiff P&P IMPORTS LLC ("P&P") filed a Complaint seeking a Permanent Injunction and other relief against Defendants JOYIN INC. and JOYIN US CORP. (collectively referred to as "Joyin" or "Defendants"), pursuant to 17 U.S.C. § 101 *et seq*., and § 106, for copyright infringement, 15 U.S.C. § 1051 for trademark infringement, 35 U.S.C. § 101, et seq. for patent infringement, Cal. & Bus. Prof. Code § 17200, *et seq*. for unfair competition, unfair and deceptive practices, and false advertising, and Cal. Bus. & Prof. Code § 17500 *et seq*. for false advertising, and California common law for unfair competition, false advertising, and unfair and deceptive trade practices. P&P and Defendants each are a Party and

1

~~PROPOSED~~ ORDER FOR PERMANENT INJUNCTION
AND SETTLEMENT OF CLAIMS

are referred to collectively herein as the "Parties."

Pursuant to a Confidential Settlement Agreement, the Parties have agreed to the entry of the following Stipulated Final Order for Permanent Injunction and Settlement of Claims ("Order") in full and complete settlement of P&P's Complaint against Defendants. The Court, being advised in the premises by the parties' Stipulation, finds:

## FINDINGS

1. The Court has jurisdiction over the Parties and the subject matter of this action, and enforcement of this Injunction and Judgment. Venue in the Central District of California is proper as alleged in the Complaint and as further stipulated to by the Parties. The Court shall retain jurisdiction to enforce this Stipulated Judgment and Permanent Injunction ~~and the Parties' Settlement Agreement~~. **The Court declines to exercise discretion to retain jurisdiction over the Parties' Settlement Agreement. *See Ogbuehi v. Comcast of Cal./Colo./Fla./Or., Inc.*, 303 F.R.D. 337, 351 (E.D. Cal. 2014). Federal courts have no inherent power to enforce settlement agreements after dismissal, and "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378, 382 (1994).**

2. The Complaint states claims upon which relief can be granted.

3. The Parties waive all rights to challenge or contest the validity of this Order, and/or to take an Appeal from the final Judgment.

4. Entry of this Order is in the public interest at least to prevent consumer confusion between P&P's goods and Defendants' goods, and to prevent further consumer confusion by preventing Defendants from using

2

~~PROPOSED~~ ORDER FOR PERMANENT INJUNCTION
AND SETTLEMENT OF CLAIMS

P&P's trademark, copyrighted works, or patents to sell Defendant's goods.

5.  Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon all Defendants, their officers, agents, servants, employees, and all other persons or entities in active concert or participation with them in whole or in part, who receive actual notice of this Order by personal service or otherwise, and each of their successors and assigns.

6.  P&P owns valid and enforceable Registered Copyrights in certain photographs and artwork Registered with the U.S. Copyright Office under Registration Number VA 2-259-559 entitled "GoSports Cornhole Lookbook 2020." A true and correct copy of the Copyright Registration Certificate is attached to the Stipulation as Exhibit 1 and is incorporated herein by reference.

7.  P&P owns valid and enforceable Registered Copyrights in certain photographs and artwork Registered with the U.S. Copyright Office under Registration Number Tx-8-447-293 entitled "P&P Imports Winter 2017 Lookbook." A true and correct copy of the Copyright Registration Certificate is attached to the Stipulation as Exhibit 2 and is incorporated herein by reference.

8.  P&P owns valid and enforceable Copyrights in certain photographs and artwork Registered with the U.S. Copyright Office under Registration Number TX 9-162-500 entitled "Splash Hoop Pro text." A true and correct copy of the Copyright Registration Certificate is attached to the Stipulation as Exhibit 3 and is incorporated herein by reference.

9.  P&P owns valid and enforceable Copyrights in certain photographs and artwork Registered with the U.S. Copyright Office under Registration

PROPOSED ORDER FOR PERMANENT INJUNCTION
AND SETTLEMENT OF CLAIMS

Number TX 9-162-620 entitled "Splash Hoop 360 text" A true and correct copy of the Copyright Registration Certificate is attached to the Stipulation as Exhibit 4 and is incorporated herein by reference.

10. P&P owns a valid and enforceable Registered Trademark "PARTY SPRINKLER" Registered with the United States Patent and Trademark Office, Registration Number: 6,179,043. A true and correct copy of the Trademark Registration Certificate is attached to the Stipulation as Exhibit 5 and is incorporated herein by reference.

11. P&P owns a valid and enforceable Patent Issued by the United States Patent and Trademark Office, U.S. Design Patent No. US D962,366 S. A true and correct copy of the Patent Certificate is attached to the Stipulation as Exhibit 6 and is incorporated herein by reference.

12. P&P owns a valid and enforceable Patent Issued by the United States Patent and Trademark Office, U.S. Design Patent No. US D953,458 S. A true and correct copy of the Patent Certificate is attached to the Stipulation as Exhibit 7 and is incorporated herein by reference.

13. P&P owns a valid and enforceable Patent Issued by the United States Patent and Trademark Office, U.S. Design Patent No. US D882,713 S. A true and correct copy of the Patent Certificate is attached to the Stipulation as Exhibit 8 and is incorporated herein by reference.

## DEFINITIONS

For purposes of this Injunction, the following definitions shall apply:

1. "CORNHOLE LOOKBOOK" shall mean the work entitled GoSports Cornhole Lookbook 2020, and all copyrightable materials therein.

2. "2017 WINTER LOOKBOOK" shall mean the work entitled P&P Imports Winter 2017 Lookbook and all copyrightable materials therein.

3. "Splash Hoop Pro Text" shall mean the work entitled Splash Hoop Pro

4

<u>Text</u> and all copyrightable materials therein.

4.    "Splash Hoop 360 Text" shall mean the work entitled <u>Splash Hoop 360</u> <u>Text</u> and all copyrightable materials therein.

5.    P&P's COPYRIGHTED WORKS shall mean the GoSports Cornhole Lookbook 2020, P&P Imports Winter 2017 Lookbook, Splash Hoop Pro Text, and the Splash Hoop 360 Text.

6.    "ACCUSED PRODUCTS" shall mean all products that may infringe any of P&P's COPYRIGHTED WORKS, TRADEMARK, and/or PATENTS.

## PERMANENT INJUNCTION
## I.    P&P's TRADEMARK

**IT IS HEREBY ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, parent, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons or entities in active concert or participation with them, or who receive any benefit therefrom, who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any product bearing P&P's TRADEMARK or any trademark that is likely to cause confusion as to source of origin in the consuming public's mind, are hereby permanently restrained and enjoined from:

A.    Using P&P's TRADEMARK, or any other confusingly similar mark in connection with the ACCUSED PRODUCTS, or any related goods or services.

B.    Competing unfairly with P&P by infringing upon P&P's TRADEMARK, including falsely advertising untrue and misleading facts and statements and claims about the ACCUSED PRODUCTS.

C.    Conspiring with, aiding, assisting, or abetting any other person or

5

entity in engaging in or performing any of the activities referred to in subparagraphs (A) and (B) above.

## II.    P&P's COPYRIGHTED WORKS

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, parent, division, trade name, or other entity, their officers, agents, servants, employees, and all persons or entities in active concert or participation with them, or who receive any benefit therefrom, who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of products or media, are hereby permanently restrained and enjoined from:

A.    Using, reproducing, distributing, creating derivative works, transmitting, or broadcasting any of P&P's COPYRIGHTED WORKS, including but not limited to any of P&P's advertisements, photographs, artwork, text, product descriptions, including creating any works that are substantially similar to P&P's COPYRIGHTED WORKS using the meaning of substantially similar as defined under federal copyright statutes and case law.

## III.   P&P's PATENTS

**IT IS FURTHER ORDERED** that Defendants, directly or through any corporation, partnership, subsidiary, parent, division, trade name, or other entity, and their officers, agents, servants, employees, and all persons or entities in active concert or participation with them, or who receive any benefit therefrom, who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of products or media are hereby permanently restrained and enjoined from:

A.    Making, using, selling, offering for sale, or importing products

6

~~PROPOSED~~ ORDER FOR PERMANENT INJUNCTION
AND SETTLEMENT OF CLAIMS

identified in Exhibit 9 to the Stipulation and/or any other products that may infringe any of P&P's PATENTS, commencing ninety (90) days after the Entry of this Order.

Other than as resolved by this Stipulated Permanent Injunction, all remaining claims and counterclaims that have been asserted in this action are dismissed WITH PREJUDICE. The Parties are to bear their own costs, expenses, and attorneys' fees.

**IT IS SO ORDERED.**

Dated: May 26, 2023

Mark C. Scarsi
United States District Judge

PROPOSED ORDER FOR PERMANENT INJUNCTION
AND SETTLEMENT OF CLAIMS